JOHN A. GRIFFITH *et al.*, Respondents, *v.* GEORGE A. ASSMANN AND JOHN SEVERIN, Appellants.

1. *Bills and notes — Protest, notice of — What sufficient.*—When the notary making a protest knows the residence of all the indorsers, he may at once send the notice of protest to each one individually, when they will all be holden in the order of their indorsements. But the holder is not supposed to know any of the parties except the one who has indorsed the paper to him, and each one is supposed to know the one from whom he has received it. The contract is direct and the relation is immediate between each indorser and his immediate indorsee, and the notice is sufficient if it comes to each indorser from such indorsee as soon as he is advised of the protest; nor does the rule vary although the parties live in different cities. The holder is only required to notify the one who indorsed to him, unless he desires to hold other parties who might escape responsibility if not notified in their turn; nor is there any difference if the last indorsement is for collection merely.

*Appeal from St. Louis Circuit Court.*

*Taussig & Kellogg*, for appellants.

I. The rule is that when the parties to be charged as indorsers live in the same town or city where the note is made payable, the notice must be given to the party entitled thereto personally, or at his domicile or place of business. (Sto. Prom. Notes, § 312.)

II. The holder, at maturity, having undertaken to notify the defendant, it was its duty to use due diligence. The defendant was clearly discharged as to the holder at maturity, and, being once discharged, cannot be made liable by subsequent proceedings. (Renshaw v. Triplett, 23 Mo. 213; Glasgow v. Copeland, 8 Mo. 268; Gerhardt v. Boatmen's Savings Institution, 38 Mo. 60; Sanderson v. Reinstadler, 31 Mo. 483; Barrett v. Evans, 28 Mo. 331; Plahto v. Patchin, 26 Mo. 389; Fugitt v. Nixon, 44 Mo. 295.)

III. This notice, which was subsequently delivered to Severin, was not given by the plaintiffs in their own names or on their own behalf, but they merely, through their agents, Crews, North & Laurie, delivered to the defendant the notice received from the holder at maturity, thus simply making themselves agents of the original holder. If they had given an independent notice they

would at least have brought themselves within the scope of the decision in West River Bank v. Taylor, 34 N. Y. 128, on which plaintiffs rely.

IV. The object of the law requiring notice to the indorser within twenty-four hours after dishonor, is to afford him all possible means to protect himself. In the case at bar the indorser, Severin, although living in the same town with the maker and holder, did not receive notice for many days after maturity. If the plaintiff suffered and is injured by the negligence of the holder at maturity, he has a clear and plain remedy against him.

*Crews*, *Letcher & Laurie*, for respondents.

I. The whole duty of the holder of a protested bill or note is discharged by his notice to his immediate indorser, and all parties to this bill or note will be charged if they receive notice in due course from their immediate subsequent indorsees. (West River Bank v. Taylor, 34 N. Y. 128; Eagle Bank v. Hathaway, 5 Metc. 212; Colt v. Noble, 5 Mass. 137.) When the last indorser of a dishonored bill receives due notice of the dishonor from the holder, and, with this notice to himself, receives, inclosed in the same letter, notices directed to prior indorsers, the due service of these notices upon such prior indorsers will, it seems, be sufficient to charge them. (Renshaw v. Triplett, 23 Mo. 214.)

II. The only point before the court in the case at bar is, was it incumbent on the notary of the Merchants' Bank of St. Louis to have served the notice on Severin personally, instead of sending Severin's notice with the other notices under one cover to the Lafayette Bank at Cincinnati, the immediate prior indorser of said Merchants' Bank? We regard this as no longer an open question, but as settled conclusively by the authorities above cited and by numerous other cases to which we deem it unnecessary to refer.

BLISS, Judge, delivered the opinion of the court.

Defendant Assmann made his promissory note at three months to the order of Severin, who indorsed the same to the plaintiff, doing business in Cincinnati. The plaintiff indorsed it to the

Lafayette National Bank of Cincinnati, who indorsed it for collection to the Merchants' National Bank of St. Louis. Both defendants reside in St. Louis, and at maturity of the note the holder caused the same to be presented at the German Bank of St. Louis, where it was payable; and payment being refused it was regularly protested, and separate notices of protest, addressed to each of the indorsers, were on the same day sent to the Lafayette National Bank, the last indorsers; and the bank, on the day of their receipt, gave to the plaintiff the notices addressed to them and defendant Severin, and the plaintiffs on the same day sent the notice, directed to Severin, to their attorney in St. Louis, who at once delivered it to him. Thus, because the notices were sent through the indorsers — from the later to the earlier — defendant Severin, the first indorser, did not receive the notice addressed to him until some days after the default. He now claims that, inasmuch as he resided in St. Louis when the note was protested, and the notary could by inquiry have ascertained his residence, he should have been directly and at once notified of the protest, and that a notice sent through the later indorsers, around by Cincinnati and back to him, was not a compliance with the law, and that he cannot be holden as indorser.

It is many years since there has been any serious controversy upon this subject. The notary, if he knows the residence of all the indorsers, may at once send the notice of protest to each one individually, when they will all be holden in the order of their indorsements. But the holder is not supposed to know any of the parties except the one who has indorsed the paper to him, and each one is supposed to know the person from whom he has received it. The contract is direct and the relation is immediate between each indorser and his immediate indorsee, and the notice is sufficient if it come to such indorser from such indorsee as soon as he is advised of the protest; and thus, where there are many indorsers in different parts of the country, it may take weeks before the first one receives the notice. Story thus illustrates the time that may elapse where all the parties live in the same town. Premising that each party is entitled to a full day to give notice to the antecedent party, he says: " Thus, if there should be ten

successive indorsers on the bill, the last of whom shall receive notice of the dishonor from the holder, it will be sufficient for him, on the next day, to communicate notice thereof to the next antecedent indorser, and he to the next, and so on ; and thus, in particular cases, ten or more days may elapse before the notice reaches the first indorser. Yet, in such a case, the first indorser will be liable to pay the bill, although the holder has given notice only to the last indorser on the bill, and he only to the next antecedent indorser, and so on to the first indorser." (Sto. Bills, § 294.) Nor does the rule vary although the parties live in different cities or States. The holder is only required to notify the one who indorsed to him, unless he desires to hold other parties who might escape responsibility if not notified in their turn ; nor is his obligation changed though he live a near neighbor to the first indorser, for the reason that the rule, being reasonable and easily understood, should not be encumbered with exceptions that shall render it uncertain, and also, as before stated, because the holder may not know, and is not supposed to know, the residence of any except the one who indorsed to him, or, knowing others, may be content with his liability, leaving it to him, if he chooses, to avail himself of that of previous parties. Nor is there any difference if the last indorsement is for collection merely.

A few years since this question was considered by the Court of Appeals of New York (West River Bank v. Taylor, 34 N. Y. 128), and the same claim now made by the appellant was there urged as though it were an open question. In concluding an elaborate opinion, reviewing and affirming the long-settled doctrine, the court remarks: "These rules have long been settled and familiar to those dealing in notes and bills of exchange. It is of the utmost importance that rules of this character, when once promulgated, should be adhered to, and we are not at liberty to depart from them if we would. I find no case where an exception has been made by reason of the circumstance that an intermediate indorser is a resident of the same town, city or village with the holder. If he is not the immediate prior indorser of the holder at the time of the protest, the whole duty of the holder is discharged by the notice to his immediate indorser, and all parties

to the bill or note will be charged if they receive notices in due course from their immediate subsequent indorsers."

The other judges concurring, the judgment below will be affirmed.