STATE OF MISSOURI *ex rel.* WORKINGMEN'S BANKING COMPANY, Appellant, v. HENRY L. EDMUNDS *et al.*, Respondents.

St. Louis Court of Appeals, March 24, 1896.

Notary Public: LIABILITY FOR FAILURE TO SEND NOTICE-OF PROTEST TO INDORSERS. A notary's official duty with reference to the protest of negotiable paper is fulfilled, when he duly presents the paper for acceptance or payment and protests it upon its dishonor. He is not liable for a failure to notify indorsers, when it does not appear that he was appointed the agent of the holder of the paper for that purpose, nor that there was a custom that he should render such service to the holder.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Mills & Grant* for appellant.

It was the duty of the notary to give notice to the indorsers in the most effective manner. R. S., secs. 7108, 5001, 4880; *Townsend v. Lorrain Bank*, 2 Ohio St. 345; *Johnson Co. Sav. Bank v. Low*, 47 Mo. App. 151; *Jaccard v. Anderson*, 37 Mo. 91; *Hammett v. Trueworthy*, 51 Mo. App. 284; *Coddington v. Davis*, 1 N. Y. 186; *Bank of State v. Vaughan*, 36 Mo. 90; *Tevis v. Randall*, 6 Cal. 632; *Bowling v. Arthur*, 34 Miss. 41. It was the duty of the notary to serve the indorser Blell by a personal service in the city of St. Louis. *Barrett v. Evans*, 28 Mo. 331; *Sanderson's Adm'r v. Reinstadler*,

31 Mo. 487; *Gilchrist v. Donnell*, 53 Mo. 591; *Bank of Commerce v. Chambers*, 14 Mo. App. 156; *Greffet v. Dowdall*, 17 Mo. App. 282; *Stephens v. Gallagher*, 42 Mo. App. 247; *Wolf v. Burgess*, 59 Mo. 583; *Ayrault v. Pacific Bank*, 47 N. Y. 575; *Shelburne Bank v. Townsley*, 102 Mass. 177; *Bowling v. Harrison*, 6 How. (U. S.) 248; *First Nat. Bank v. Hatch*, 78 Mo. 16; *Griffith v. Assman*, 48 Mo. 66. The notary was liable to answer to plaintiff for his default. *Britton v. Niccolls*, 104 U. S. 757; *Exchange Bank v. Third Nat. Bank*, 112 U. S. 276; *Bowling v. Arthur*, 34 Miss. 41; *Gerhardt v. Boatmen's Bank*, 38 Mo. 62; *Daly v. Bank*, 56 Mo. 102.

*Laughlin & Tansey* for respondents.

It is no part of a notary's official duty to give notice of protest to the various indorsers of commercial paper under the Missouri statutes or the law merchant. He acts officially only in making demand for payment and noting the fact of dishonor. In the giving of notices, he acts merely as agent of the party employing him. *Gerhardt v. Boatmen's Sav. Inst.*, 38 Mo. 62-67; *Daly v. Butchers and Drovers Bank*, 56 Mo. 102; 2 Daniel on Negotiable Instruments, sec. 960; Tiedeman on Negotiable Paper, secs. 327, 335, 339. The holder of the note is bound to know the address and residence of all the parties to the paper, and it is his duty to communicate his knowledge to the notary; and if he fails to give such information, he is guilty of laches and can not complain of any mistake made by the notary. *First Nat. Bank v. Farneman*, 61 N. W. Rep. 425; 2 Daniel on Negotiable Instruments, sec. 1116; *Smith v. Fisher*, 24 Pa. 222; *Haly v. Brown*, 5 Pa. 178; *Fitler v. Morris*, 6 Whart. 406; *Lawrence v. Miller*, 16 N. Y. 235; *Montgomery County Bank v. Albany City*, 7 N. Y.

459; *Walker v. Bank of N. Y.*, 9 N. Y. 582; *Aryault v. Pacific Bank*, 47 N. Y. 570; *Lowry v. Scott*, 24 Wend. 358; *Spencer v. Bank of Salina*, 3 Hill, 520. The notary's full duty was performed when he inclosed to plaintiff, who was a nonresident and the last indorser on said note, a notice of protest for each of the indorsers on said notes. His act in forwarding the notices to the plaintiff was equivalent to notifying the indorsers personally; for it devolved upon the plaintiff to send the notices to such indorsers as it desired to hold. *Haly v. Brown*, 5 Pa. 179; *First Nat. Bank of Burlington v. Hatch*, 78 Mo. 16; *Griffith v. Assman*, 48 Mo. 66; *Big Sandy Bank v. Chilton*, 21 S. E. Rep. 774; *Bank of the State of Missouri v. Vaughan*, 36 Mo. 94; 2 Daniel on Negotiable Instruments, sec. 1044; *Freed. Nat. Bank v. Shelbourne Townsley*, 101 Mass. 444; *Renshaw v. Triplet*, 23 Mo. 213; *Stix v. Mathews*, 63 Mo. 375.

BOND, J.—Relator, the Workingmen's Banking Company of East St. Louis, Illinois, sues defendant Edmunds and his sureties on the bond executed by him as notary public. The breach assigned arises out of the following facts: On the twenty-first of May, 1892, a note for $1,000 maturing on that date, made six months before by C. A. Weber, and payable to the order of Charles E. Blell, at Franklin Bank, of St. Louis, was handed to said notary for protest by the Mechanics Bank of this city. The note was indorsed, to wit: "Charles E. Blell, F. C. Mueller, Glenn Manufacturing Company by F. C. Mueller, treasurer. Pay Mechanics Bank, or order, for collection account Workingmen's Banking Company at East St. Louis, Illinois. Anthony Isch, cashier." The note was protested, and notices of its protest addressed to the several indorsers were inclosed in a letter sent by the notary to the relator and received by it in due course of mail. The

Mechanics Bank also transmitted the note and its certificate of protest to relator in due course of mail. The certificate of protest disclosed the above method adopted by the notary of sending notices to the indorsers. The cashier of relator took no steps to forward any of the notices of protest received by him to the various indorsers to whom they were addressed in care of his bank. He gave verbal notice of protest to indorser Mueller. Indorser Blell was a resident of St. Louis, having both a residence and place of business in that city, which had been indicated for many years by the city directory. Relator sued Blell as indorser of said note, and failed to recover for want of any evidence of notice of protest to him. The maker of the note was shown to be insolvent, and the notary was shown to have inquired of the attorney of the assignee of the maker as to the addresses of the indorsers. It further appeared that indorser Mueller had paid relator the full amount due on said note after the institution of this suit. The cause was submitted on the foregoing evidence, and upon a ruling adverse to a right to recover relator took a nonsuit with leave, and after the refusal of the court to set it aside brings the case here for review.

Under the record in this case relator's right of recovery is limited in any view to the costs of this suit, since the evidence shows that it has been paid, pending this litigation, the full amount of damages claimed in the petition to have been suffered by reason of its failure to recover in the suit brought by it against indorser Blell. Whether relator can recover to this extent depends upon the question as to the nature and extent of the duties of a notary public in reference to negotiable paper placed in his hands by the holder. His official duty is fulfilled when the note or bill has been duly presented for acceptance or payment and protested upon its dishonor. It is no part of his offi-

cial duty to go further and give notice to indorsers. Notice of dishonor may be given by the holder or his agent, and the holder may make the notary, as any other person, his agent for the performance of this duty. 2 Daniel on Negotiable Instruments, sec. 960; Tiedeman on Commercial Paper, secs. 327–335; *Gerhardt v. Boatmen's Sav. Bank*, 38 Mo. *loc. cit.* 60, 67; *First Nat'l Bank of Burlington v. Hatch*, 78 Mo. 13–22; *Griffith v. Assman*, 48 Mo. 66; Proffatt on Notaries, sec. 143.

Under our statute the certificate of a notary public protesting a negotiable instrument is evidence of presentment, refusal and protest. It had the same effect at common law, because under seal. When the certificate also recites notice of dishonor to the parties, the statute makes it evidence of such recitals, if verified by the notary. R. S. 1889, sec. 4880. Neither this provision, nor the other sections of the statute defining the general powers and duties of notaries public and regulating their fees (R. S. 1889, secs. 7108, 5001), add anything to their official duty in the protest of negotiable paper as existing at common law. By the law merchant, as well as under our statute, the notary would be liable for neglect in giving notices to indorsers resulting in damage to the holder, if it appeared that he was appointed as the agent of the holder to render such service, or if there was a well established custom, known to the parties, that he should act as the agent of the holder in sending notices of protest to prior indorsers. In this record there is neither evidence of such agency nor evidence of custom. All that was shown is that the note in question was indorsed and sent by the nonresident holder to its collecting agent in this city; that the latter handed it upon maturity to the defendant, giving him no information as to the residence or address of the indorsers save what was shown

on the note, which disclosed relator's address only; that protest was lawfully made and notice given thereof to relator, the last indorser, accompanied by notices to all prior indorsers; and that relator took no steps to forward any of these notices to the other indorsers to whom they were addressed in its care. When the holder as last indorser was duly notified by the notary, he might in turn have notified his immediate indorser, either by giving him the notice addressed to him by the notary, or by any other sufficient notification of the dishonor of the note, and the indorser thus notified might have fixed the liability of his immediate indorser in the same way, and so on each indorser might have notified the preceding indorser until the first indorser on the paper was reached, who would thus have become liable for the bill, although he had received notice of its protest as many days thereafter as there were subsequent indorsers. *Griffith v. Assman,* 48 Mo. *loc. cit.* 69.

The only conclusion to be drawn from relator's omission to give notice of protest to all the indorsers is that it was satisfied with the responsibility of its immediate indorser, Mueller, to whom verbal notice was given. Its failure to give the others notice was not the negligence of defendant; neither was he guilty of any breach of his official duty as notary public under the facts shown in this record. The cases cited by the learned counsel for appellant do not trench upon this conclusion. They refer to the steps required of a notary, or other agent of the holder, to make notice of the dishonor of a note legally effective in fixing the liability of indorsers. They do not warrant the contention that the notary, in the absence of agreement or custom, is bound to take any other steps in the discharge of his official duty than to make due protest of the note and deliver a certificate to that effect to the

party from whom he received it. Our conclusion is that no breach of defendant's official bond is shown by the facts in this record, and the trial court did not err in directing a verdict in his favor. The judgment will, therefore, be affirmed. All concur.